UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLORADO
Bankruptcy Judge Elizabeth E. Brown

| | |
|---|---|
| In re: ) | |
| ) | |
| AKEEM SERIKI and ) | Bankruptcy Case No. 10-20816-EEB |
| DEMETRA SERIKI ) | Chapter 7 |
| ) | |
| Debtors. ) | |
| _____ ) | |
| ) | |
| SHELLY BAKER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Adversary Proceeding No. 10-01891-EEB |
| v. ) | |
| ) | |
| AKEEM SERIKI, ) | |
| ) | |
| Defendant. ) | |

---

**ORDER DENYING COLLATERAL ESTOPPEL EFFECT OF STATE JUDGMENT**

---

THIS MATTER comes before the Court following the minute order directing the parties to brief whether a prior state court judgment against Defendant bars re-litigation of the issues in dispute under the principle of collateral estoppel. The Court, being otherwise advised in the premises, hereby FINDS AND CONCLUDES:

**I.      Background and Procedural History**

Plaintiff sued Defendant in the El Paso County District Court asserting claims for fraud, conversion, civil theft, breach of fiduciary duty, breach of contract, and unjust enrichment. Defendant participated in the litigation only to the extent of answering the complaint, asserting certain counterclaims, and responding to Plaintiff's motion to dismiss the counterclaims. Defendant did not respond to the Plaintiff's discovery requests, which led the court to enter an order compelling compliance. The order to compel stated: "[i]f the Defendants fail to make the ordered disclosure . . . [it] will result in the dismissal of the Answer and the entry of Defendants' default in this matter." Plaintiff's Ex. A at 2. Defendant still did not respond. Plaintiff filed a

motion labeled as one for summary judgment, which the state court granted on April 19, 2010, stating:

> An Order concerning disclosures was entered . . . providing for sanctions if the detailed list of disclosures were not timely made. The sanctions included dismissal of the Answer and the entry of Defendants' default in this matter.
>
> . . . .
>
> Pursuant to C.R.C.P. 36(a), Defendants admit a 50/50 partnership between Plaintiffs and Defendants to acquire, remodel and resell a home as an investment property. Defendant Seriki further admits he spent funds for his own use or benefit....from funds he received from transactions he conducted related to the partnership and that he has not accurately reported to Plaintiffs all the funds he extracted from the partnership venture and converted for his own use or benefit . . . Seriki admits he also has not accurately reported to Plaintiffs the actual costs of remodeling which were paid by Seriki through Strategic Property Buyers, LLC during the partnership venture.
>
> . . . .
>
> . . . Defendants admit they received several thousand dollars more from the liquidation and winding up of the partnership than did Plaintiffs and admit the difference between the amounts Defendants received out of the partnership and the amounts Plaintiffs received out of the partnership is not provided for in any of the partnership documents nor was it discussed and agreed between Defendants and Plaintiffs.

Plaintiff's Ex. A at 1-2.

Based on the Plaintiff's verified allegations, the state court granted Plaintiff's motion, although it appears it did so only on the civil theft claim. The order states that Defendant "obtained control by deception, over monies Plaintiffs entrusted to him, intending to deprive Plaintiffs permanently of the use or benefit of their rightfully due funds." On April 19, 2010, the state court awarded Plaintiff actual damages of $40,072, interest of $1,602.88, attorneys' fees of $5,407, and granted treble damages, resulting in a judgment in the amount of $127,225.88. Only six months lapsed between filing the complaint and entering judgment. Defendant and his wife filed for Chapter 7 bankruptcy protection on May 3, 2010. Plaintiff then commenced this adversary proceeding, seeking to except her judgment from discharge under 11 U.S.C. § 523(a)(2), (a)(4), and (a)(6). Plaintiff contends that collateral estoppel should bar re-litigation of the issues decided by the state court, which include Defendant spending funds for his own use and otherwise keeping funds belonging to Plaintiff.

## II.     Discussion

"When a federal court considers the collateral estoppel effect of a prior state judgment, the full faith and credit provision of 28 U.S.C. § 1738 requires the federal court to give the state court judgment the same preclusive effect as the state rendering the judgment would give." *In re Riggle*, 389 B.R. 167, 173 (D. Colo. 2007).  The judgment in this case was entered by a Colorado state court.  Thus, Colorado law determines the preclusive effect of the judgment. "Under Colorado law, the doctrine of collateral estoppel 'bars relitigation of an issue if: (1) The issue precluded is identical to an issue actually litigated and necessarily adjudicated in the prior proceeding; (2) The party against whom estoppel was sought was a party to or was in privity with a party to the prior proceeding; (3) There was a final judgment on the merits in the prior proceeding; [and] (4) The party against whom the doctrine is asserted had a full and fair opportunity to litigate the issues in the prior proceeding.'"  *In re Riggle*, 389 B.R. at 173 (quoting *Bebo Constr. Co. v. Mattox & O'Brien, P.C.*, 990 P.2d 78, 84–85 (Colo.1999)).

Plaintiff bears the burden of establishing each element in order to show that collateral estoppel applies.  *Bebo Constr. Co.*, 990 P.2d at 85.  Defendant disputes that Plaintiff satisfied the first, third, and fourth elements, namely, that the issues were actually litigated, that the state court judgment was final, and that Defendant had a full and fair opportunity to litigate the issues.   As to the first element, the Court notes that the motion for summary judgment in the state court was unopposed, and entered as a discovery sanction.  A court may treat a failure to oppose summary judgment as a form of default judgment.  *Riggle*, 389 B.R. at 173.  "Although the general rule in Colorado is to give preclusive effect to default judgments, this principle still contains the caveat that the issues precluded must have been actually litigated." *Ries v. Sukut (In re Sukut),* 357 B.R. 834, 838 (Bankr. D. Colo. 2006).  Actual litigation does not necessitate a full trial, but a full and fair opportunity for the defendant to present his case.  This requires evidence that the parties "engaged in a meaningful assessment of the facts and then the defendant made a conscious choice not to contest the entry of judgment.'"  *Id.* (citing *Evans v. Dunston*, 146 B.R. 269, 277 (D. Colo. 1992)).  Additionally, "to be actually litigated the issue must be raised by a party through an appropriate pleading or tried with the consent of the parties, it must be submitted to the prior tribunal for determination, and it must be determined by that tribunal." *Id.* (citing *Bebo Constr. Co.*, 990 P.2d at 86).  Finally, "in a dischargeability proceeding, it is especially important that the judge look at the entire record from the state court action to ensure that all issues given preclusive effect have been actually litigated and presented."  *Id.*

Here, the issues were not litigated by the state court.  Instead, the state court deemed the issues admitted, and did so as a penalty for failure to comply with the court's discovery order. As such, the issues were never submitted to the state court for determination, and that court never made an actual determination on the merits.  Nevertheless, Plaintiff argues that courts have  applied collateral estoppel to judgments entered as a result of discovery-related misconduct, citing *In re Jordana*, 2000 WL 783401 (10th Cir. June 20, 2000).   This case is distinguishable from *Jordana*, in which  the Tenth Circuit granted preclusive effect to a default judgment entered against a debtor as a sanction for his substantial abuse of the discovery

process. In *Jordana,* the court applied federal collateral estoppel principles to a previous federal court default judgment. More importantly, the debtor in *Jordana* engaged in extreme misconduct relating to the discovery process. The debtor did not simply default at the beginning of the case, instead, he significantly participated in the litigation and engaged in serious obstructive behavior for more than two years before a default judgment entered as a sanction. Specifically, "he took his deposition transcript and refused to return it, refused to cooperate in discovery, and refused to answer [the] complaint, all in spite of repeated warnings from the district court that his behavior was in violation of the court's rules." *Id.* at \*\*2. In this case, there is no evidence that Defendant engaged in such behavior. Rather, it appears that Defendant merely abandoned the suit.

Because Plaintiff has failed to show the issues were actually litigated, or that the *Jordana* exception applies, the first element of collateral estoppel has not been proven. Because all elements must be met, resolution of the other elements is not necessary to determine whether collateral estoppel applies in this case.

### III. Conclusion

For the reasons discussed above, the Court concludes that Plaintiff failed to demonstrate that the issues were actually litigated in the prior proceeding. Because Plaintiff has not proven all the elements of collateral estoppel, this Court

ORDERS that the state court judgment has no collateral estoppel effect in the adversary proceeding before this Court. A separate order will issue setting a status conference to consider how the parties wish to proceed in this matter.

DATED this 30th day of January, 2012

BY THE COURT:

*Elizabeth E. Brown*

Elizabeth E. Brown
United States Bankruptcy Judge